MICHAEL K. ROZEN
ACTING CHAIR

MARVIN E. JACOB
SEYMOUR KNOX, IV
HON. EILEEN KORETZ
GARY J. LAVINE
J. GERARD McAULIFFE, JR.
DAVID A. RENZI
HON. RENEE R. ROTH
DAWN L. SMALLS
GEORGE H. WEISSMAN
MEMBERS

SETH H. AGATA
EXECUTIVE DIRECTOR

PHONE: (518) 408-3976
FAX: (518) 408-3975



**NEW YORK STATE
JOINT COMMISSION ON PUBLIC ETHICS**

540 BROADWAY
ALBANY, NEW YORK 12207
www.jcope.ny.gov

December 30, 2016

By hand and ECF

Hon. Richard M. Berman
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:   *Citizens Union v. The Governor of New York*, No. 16 Civ. 9592 (RMB)(SN)
           *American Civil Liberties Union v. Agata*, No. 16 Civ. 9854 (RMB)(SN)

Dear Judge Berman:

      I represent Defendants the Members of the Joint Commission on Public Ethics ("JCOPE") and the Executive Director of JCOPE in the above-referenced *Citizens Union* action, and Defendants Seth H. Agata and the Members of JCOPE in the *American Civil Liberties Union* action (collectively, the "JCOPE Defendants"). I write in response to (1) the Court's December 23, 2016 Memo Endorsement and the December 23, 2016 Letter from Plaintiffs in the *American Civil Liberties Union* action (the "ACLU Plaintiffs") to the Court, and (2) the Court's December 26, 2016 Order.

      First, with respect to the Court's December 23, 2016 Memo Endorsement and the December 23, 2016 letter from the ACLU Plaintiffs, the JCOPE Defendants do not oppose the ACLU Plaintiffs' request to address their proposed motion for a preliminary injunction at the January 4, 2016 pretrial conference. As set out below, at this time the JCOPE Defendants take no position on the legal issues raised in these actions.

      By way of background, JCOPE is an independent state agency that was established by the Public Integrity Reform Act of 2011, Ch. 399, L. 2011, to oversee and regulate ethics and

Hon. Richard M. Berman
Page 2
December 30, 2016

lobbying in New York State.  JCOPE is made up of 14 commissioners: three appointed by the Temporary President of the Senate; three appointed by the Speaker of the Assembly; one appointed by the Minority Leader of the Senate; one appointed by the Minority Leader of the Assembly; and six appointed by the Governor and the Lieutenant Governor.  JCOPE appoints an Executive Director to run the functions and administration of the agency.

Plaintiffs have named JCOPE's Commissioners and Executive Director, in their official capacities, as defendants even though JCOPE exercises no authority or discretion with respect to the laws at issue here.  JCOPE had no role in the negotiation or enactment of the laws being challenged by plaintiffs in these actions—New York Executive Law §§ 172-e and 172-f (the "Disclosure Provisions").  Moreover, JCOPE has no power to enforce or implement the Disclosure Provisions.  Here, only Section 172-e involves JCOPE and JCOPE's sole function under that provision is to make available on its website information it receives from the Office of the Attorney General.  *See* N.Y. Exec. Law § 172-e(3) ("Public disclosure of funding disclosure reports.  The department of law shall promulgate any regulations necessary to implement these requirements and shall forward the disclosure reports to the joint commission on public ethics for the purpose of publishing such reports on the commission's website . . . .").

Given JCOPE's limited role with respect to the Disclosure Provisions, the JCOPE Defendants at this time take no position on the merits of the claims asserted in these actions.  The JCOPE Defendants intend to comply, in their official capacities, with any Order of the Court in these actions enjoining, temporarily or permanently, any portion of the Disclosure Provisions.  Accordingly, the JCOPE Defendants intend to seek their dismissal from these actions and are in discussions with plaintiffs' counsel to enter into a stipulation to that effect.

Second, with respect to the Court's December 26, 2016 Order, which orders defendants in these actions to submit to the Court certain information regarding, among other things, the enactment and history of the Disclosure Provisions, for the reasons discussed above, the JCOPE Defendants take the position, and counsel for the remaining defendants agree, that the JCOPE Defendants are not the appropriate parties to provide the Court with the requested information.  The JCOPE Defendants respectfully defer to the submissions of the Governor and the Attorney General in this regard.

                                              Respectfully submitted,

                                              Pei Pei Cheng-de Castro
                                              Director of Investigations & Enforcement

cc:   All counsel via ECF