

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

ERIC T. SCHNEIDERMAN  
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL  
LITIGATION BUREAU

December 30, 2016

**By ECF**

Hon. Richard M. Berman  
United States District Judge  
Southern District of New York  
500 Pearl Street  
New York, NY  10007

     Re:   *Citizens Union, et al. v. The Governor of the State of New York in his official capacity, et al.*, SDNY No. 16 Civ. 9592 (RMB)

            *American Civil Liberties Union Foundation, Inc., et al. v. Seth H. Agata, in his official capacity as Executive Director of the Joint Commission on Public Ethics, et al.*, SDNY No. 16 Civ. 9854 (RMB)

Dear Judge Berman:

     I represent defendant The Attorney General for the State of New York, in his official capacity (the "AG"), in the above-referenced actions.  I write on behalf of the AG in response to the Court's order entered on December 26, 2016 ("December 26 Order") (Dkt 14 in 16-civ-9592).  I have been advised by the General Counsel for The Joint Commission on Public Ethics ("JCOPE") that defendants JCOPE and its Executive Director will self-represent in both cases, and I understand defendant The Governor of the State of New York, in his official capacity ("Governor"), named in the *Citizens Union* case only, is represented by outside counsel Cahill Gordon & Reindell LLP.

     As the Court may be aware, the AG's Charities Bureau, which regulates New York non-profits and out-of-state non-profits that fundraise within the state, has the statutory duty to enforce the challenged provisions – recently-enacted Sections 172-e and 172-f of the New York Executive Law (the "Disclosure Provisions").  However, the AG played no role in sponsoring or enacting this legislation, and accordingly lacks knowledge of the specific facts surrounding the

Hon. Richard M. Berman
*Citizens Union v. Governor of NY*, SDNY No. 16 Civ. 9592
*ACLU v. Agata*, SDNY No. 16 Civ. 9854
December 30, 2016
Page 2

legislative history or purpose of the Disclosure Provisions.  With that understanding, the AG offers the following response to the items listed in Paragraph 4 of the Court's December 26 Order upon information and belief:

    (a) The legislation was introduced on June 18, 2016 in the Assembly as bill A10742 by Assembly Speaker Carl Heastie and in the Senate as bill S8160 by Senate Majority Leader John Flanagan.

    (b) The bills were voted on and passed the same day they were introduced pursuant to a "Message of Necessity" certified by the Governor and accepted by the Senate in accordance with Section 14 of Article III of the New York State Constitution.  The AG is presently unaware of the written legislative and executive branch history of these bills, but our research into those matters is ongoing and we will update the Court as appropriate should we uncover information that is not otherwise provided to the Court by the Governor's counsel.

    (c) The AG is unaware of any other jurisdiction that has enacted legislation similar to the Disclosure Provisions.  However, there has been recent litigation over regulations imposed by New York and California that require tax exempt organizations to file with state regulators the Schedule B they attach to their Internal Revenue Service ("IRS") Form 990, which contains the names, addresses, and total contributions for all donors who contribute $5,000 or more in cash or property in any one year.  The following is a summary:

        i. Citizens United and Citizens United Foundation filed a lawsuit in this Court against the AG challenging the constitutionality of the New York regulation.  In an opinion and order dated July 27, 2015, this Court denied the plaintiffs' motion for a preliminary injunction, finding that they had failed to demonstrate a likelihood of success on the merits or to show that they will suffer irreparable harm in the absence of preliminary relief.  *Citizens United v. Schneiderman*, 115 F. Supp. 3d 457, 474-5 (S.D.N.Y. 2015) (Stein, J.).  In an opinion and order dated August 29, 2016 in the same action, this Court granted the AG's motion to dismiss after plaintiffs filed an amended complaint, holding that "[t]he complaint states not a single plausible claim upon which relief can be granted."  *Citizens United*, 2016 U.S. Dist. LEXIS 115495, *30 (S.D.N.Y. 2016) (Stein, J.).  The August 2016 decision is currently on appeal to the Second Circuit.

        ii. The Center for Competitive Politics sought to enjoin on constitutional grounds the California Attorney General from requiring a copy of Schedule B to IRS Form 990 as a condition of soliciting funds in the state.  The district court denied plaintiff's motion for a preliminary injunction for failure to demonstrate a likelihood of success on the merits or show a significant threat

Hon. Richard M. Berman
*Citizens Union v. Governor of NY*, SDNY No. 16 Civ. 9592
*ACLU v. Agata*, SDNY No. 16 Civ. 9854
December 30, 2016
Page 3

>  of irreparable injury.  *Center for Competitive Politics v. Harris*, 2014 U.S. Dist. LEXIS 66512, *22 (E.D. Ca. 2014).  The Ninth Circuit affirmed, and the Supreme Court denied certiorari.  784 F.3d 1307 (9th Cir. 2015), *cert. denied*, 136 S. Ct. 480 (2015).
>
> iii.   In related cases assigned to the same district judge, Americans for Prosperity Foundation and Thomas More Law Center sued the California Attorney General to enjoin enforcement of the same regulation at issue in *Center for Competitive Politics*. The district court granted plaintiffs a preliminary injunction, which the Ninth Circuit vacated on the basis of its prior decision in *Center for Competitive Politics* (discussed above), in which the Ninth Circuit held the California regulation was not facially unconstitutional.  *American for Propsperity Found. v. Harris*, 809 F.3d 536, 538 (9th Cir. 2015) (citing *Center for Competitive Policitcs v. Harris*, 784 F.3d 1307, 1317 (9th Cir. 2015)).  The appellate court remanded the cases with instructions to conduct trials on the plaintiffs' as-applied challenges.  809 F.3d at 543.  After conducting separate bench trials, the district court held the Attorney General had failed to prove a substantial relationship between the regulation and the investigation of charitable organizations, and accordingly issued orders permanently enjoining the Attorney General from enforcing the regulation against the plaintiffs.  *Americans for Prosperity Found. v. Harris*, 2016 U.S. Dist. LEXIS 53679, *21 (C.D. Cal. 2016); *Thomas More Law Ctr. v. Harris*, 2016 U.S. Dist. LEXIS 158851, *21 (C.D. Cal. 2016).  Appeals have been docketed in both cases in the Ninth Circuit (docket nos. 16-55786 and 16-56855).

I look forward to the opportunity to discuss these matters further with the Court at the upcoming conference.

>  Respectfully submitted,
>
>  /s/
>  Andrew Amer
>  Special Litigation Counsel
>  (212) 416-6127

cc:  All Counsel of Record (by ECF)