**LEWIS & FIORE, ESQS.**
**225 BROADWAY, SUITE 3300**
**NEW YORK, NEW YORK 10007**
**(212) 285-2290**
**(212) 964-4506 (FAX)**

**David L. Lewis**                                    dlewis@lewisandfiore.com
**Charles G. Fiore**                                 cfiore@lewisandfiore.com


March 6, 2017

**VIA ECF**



Honorable Richard M. Berman
United States District Judge
United States District Courthouse
500 Pearl Street
New York, New York,   10007

RE:    **Citizens Union, et al. v. Governor, et al.**
       **16-CV-9592 (RMB)(KHP)**

Dear Judge Berman:

Pursuant to Rule 2 A of Your Honor's Individual Practice Rules, the Senate of the State of New York ("the Senate"), a non-party, requests a conference with all parties in the above-captioned matter to specially appear to obtain leave to move to intervene under Fed. R. Civ. P. 24(a) and/or (b) in order to seek the Fed. R. Civ.P. 45 quashing of plaintiffs' subpoena to the Governor seeking privileged documents, internal to the legislative process of enactment of Chapter 286 of the Laws of New York.[1] On March 3, 2017, Magistrate Judge Parker set a briefing schedule for the current parties, with the opening brief of the Governor due on March 17, 2017. If allowed, we would file at the same day as the Governor in order that there be no delay. Plaintiffs were told on the record on March 3rd of the Senate's intent to seek intervention on the issue of privilege.

Three privileges are at issue (1) the Speech and Debate privilege in the New York Constitution Article III Section 11, applicable under the common law incorporating the federal privilege, (2) the deliberative process privilege as suggested by the Court in *Rodriquez v. Pataki*, 280 F.Supp.2d 89 (E.D.N.Y. 2002), and (3) the common interest privilege.

The Senate does not seek to be a party in this action.[2]

---

[1]      The matter is currently before Magistrate Judge Katharine H. Parker.

[2]      Plaintiffs have served a non-party subpoena on the Senate, and have indicated that they will first litigate with the Governor and then attempt to enforce the subpoena against the Senate after the privilege issues will have been determined without the Senate having been heard.

Honorable Richard M. Berman
March 6, 2017
Page 2 of 3

The Senate meets the requirements for both mandatory and permissive intervention under Fed.R.Civ.P. 24 (a) and (b). The motion is timely. The parties are not prejudiced. All parties received the Senate's Rule 45 objections to the almost identical subpoena directed to the Senate.

Documents sought from the Governor will, of course, include materials prepared by, for or on behalf of the Senate.[3] The Senate's unique property interest permitting mandatory intervention is the documents themselves. The Legislature has privileges that the Executive does not and certain privileges are exclusively legislative. Were the Senate to be excluded, waiver may be found to the detriment of its interests. Alternatively the permissive intervention is justified by the Branches' common questions of fact and law as to privilege and the quashing of the subpoena. The Senate's participation will insure that there will be a full development of the underlying facts and a just and equitable adjudication of the legal questions.[4]

In the legislative process, the Senate, the Assembly and the Executive engage in evaluation, negotiation, amendment, and wordsmithing to work toward, if possible, a final acceptable result on the actual page. That process from inception to passage generates legislatively privileged documents at every stage. It also generates documents that are at different points are protected by other privileges.

Article III Section 11 of the New York State Constitution applies to documents exchanged in the process of crafting legislation. Each is applicable to documents sought in this matter. The Senate also asserts that the deliberate process privilege precludes disclosure. In *Rodriquez v. Pataki*, 280 F.Supp.2d 89 (E.D.N.Y. 2002), the Court suggested that the privilege that protects materials reflecting internal multi branch processes of crafting and negotiating legislation. The deliberative process privilege should apply. There is also a common interest privilege as between the counsels for the Senate and the Executive. The counsels in the Executive and Legislative Branches do the fundamental legal work to craft legislation by putting into language the policy decisions of their principals, the members of the Senate and Assembly and the Governor. The purpose of the process is to craft a finished piece of legislation that will become law. In the unique process of crafting legislation, there is a common interest between the Executive and Legislative Branches documents.

---

[3] While intervenor Senate has no direct knowledge of the documents withheld by the Governor, the demand itself makes it impossible to ignore the fact that terms classically part of the process of enacting legislation are implicated and thus must be part of for what the plaintiffs are searching.

[4] The Senate also seeks leave to dispose with the need to file a pleading where the sole issue is that of privileges within the scope of Fed. R. Civ. P. 45. The intervention rule allows the Court the flexibility to determine no pleading is needed. Fed. R. Civ. P. 24 (c). The Senate has no claim or defense and does not seek to participate in the underlying action on the merits.

Honorable Richard M. Berman
March 6, 2017
Page 3 of 3


We respectfully request that the application to move to intervene be granted.

Respectfully yours,


__/s/ DAVID L. LEWIS_____
DAVID L. LEWIS

DLL/bf
cc:   Avika Shapiro, Esquire (via ECF and email)
      Floyd Abrams, Esquire (via ECF and email)
      Pei Pei Cheng-Decastro, Esquire (via ECF and email)
      Andrew Stuart Amer, Esquire (via ECF and email)