

**Orrick, Herrington & Sutcliffe LLP**
51 West 52nd Street
New York, NY 10019-6142

+1 212 506 5000

**orrick.com**

March 7, 2017

E. Joshua Rosenkranz

E jrosenkranz@orrick.com
D +1 212 506 5380
F +1 212 506 5151

*Via ECF*

Honorable Richard M. Berman
United States District Judge
United States District Courthouse
500 Pearl Street
New York, New York 10007

      Re:    Citizens Union, et al. v. Governor of the State of New York, et al.,
               No. 16-cv-9592 (RMB)(KHP)

Dear Judge Berman,

      Pursuant to Rule 2(A) of Your Honor's Individual Practices, non-party the New York State Assembly (the "Assembly") requests a conference with all parties in the above-captioned matter to specially appear to obtain leave to move to intervene under Fed. R. Civ. P. 24. In this matter, Plaintiffs have sought—via subpoenas served on the Assembly and the New York State Senate (the "Senate"), and via a document request served on the Governor—a wide range of non-public communications relating to the introduction of, deliberations on, and ultimate enactment of §§ 172-e and 172-f of the New York Executive Law (the "Provisions"). On February 23, the Governor requested a conference to seek leave to move for a protective order quashing Plaintiffs' document request. The pre-motion conference was held on March 3, 2017. At the conference, Magistrate Judge Katharine H. Parker was informed that the Assembly and the Senate would seek to intervene to protect their privileged communications. Magistrate Judge Parker established a briefing schedule for the parties, and asked that intervenors follow the parties' briefing schedule. If the Assembly were permitted to intervene in the matter, it would comply with the briefing schedule established by Magistrate Judge Parker, under which the Governor's opening brief is due on March 17. Plaintiffs have indicated that they do not oppose the Assembly's motion to intervene.

      Intervention is warranted in this matter so that the Assembly may protect its privileged communications with the executive branch relating to the enactment of the Provisions. Under Fed. R. Civ. P. 24(a)(2), a non-party may intervene as a matter of right where it "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." The Second Circuit has held that, under Rule 24, "a putative intervenor as of right must meet four criteria: the



Honorable Richard M. Berman
March 7, 2017
Page 2

applicant must (1) file a timely motion; (2) claim an interest relating to the property or transaction that is the subject of the action; (3) be so situated that without intervention the disposition of the action may impair that interest; and (4) show that the interest is not already adequately represented by existing parties." *Butler, Fitzgerald & Potter v. Sequa Corp.*, 250 F.3d 171, 176 (2d Cir. 2001).

All four criteria are met here. First, the Assembly's motion is timely. The Assembly expressed its view that the documents sought were covered by the legislative privilege as soon as the subpoenas were served on it and the Governor's office in this matter. The Governor's office filed its letter brief seeking a protective order on February 23 and Magistrate Judge Parker set a briefing schedule on March 3 and asked that intervenors follow the parties' schedule. The Assembly's request for intervention, if promptly granted, will permit it to file a brief on March 17, the deadline for the movant.

As to the second and third factors, it is well-established that, where a non-party argues that disclosure of documents would violate a privilege, that non-party has an interest relating to the property or transaction that is the subject of the action, and without intervention the disposition of that action may impair that interest. As the D.C. Circuit observed in *United States v. American Telephone & Telegraph Co.*, the leading case on the issue, "[p]rivileges … satisfy [the] definition of legal interest and can be directly lost through the operation of a discovery order. Without the right to intervene in discovery proceedings, a third party with a claim of privilege in otherwise discoverable materials could suffer the obvious injustice of having his claim erased or impaired by the court's adjudication without ever being heard." 642 F.2d 1285, 1292 (D.C. Cir. 1980) (internal citations and quotation marks omitted). *See also In re Sealed Case*, 237 F.3d 657, 663–64 (D.C. Cir. 2001) (third party could intervene as a matter of right where party had "a legally cognizable interest in maintaining the confidentiality of the documents the FEC seeks to disclose in the public record"); *S.E.C. v. Goldstone*, No. CIV 12-0257 JB/LFG, 2013 WL 6920854, at *28 (D.N.M. Dec. 13, 2013) (non-party could intervene where discovery dispute would "directly affect [it] by potentially making the … materials public"); *In re Chocolate Confectionary Antitrust Litig.*, No. CIV.A. 1:08MDL1935, 2008 WL 4960194, at *1 (M.D. Pa. Nov. 18, 2008) (non-party could intervene to "assert[] the confidentiality or privilege of materials produced by defendants to Canadian antitrust enforcement officials").

Finally, the Assembly's interest is not adequately represented by existing parties. Although the Executive branch is also protected by legislative privilege for its own communications relating to "integral steps in the legislative process," *Bogan v. Scott-Harris*, 523 U.S. 44, 55 (1998), it is well-settled that "a legislator cannot assert or waive the privilege on behalf of another legislator." *Favors v. Cuomo*, 285 F.R.D. 187, 211 (E.D.N.Y. 2012); *see also ACORN (N.Y. Ass'n of Cmty. Orgs. for Reform Now) v. Cty. of Nassau*, No. CV05-



Honorable Richard M. Berman
March 7, 2017
Page 3

2301(JFB)(WDW), 2007 WL 2815810, at *4 (E.D.N.Y. Sept. 25, 2007); *Marylanders for Fair Representation, Inc. v. Shaefer*, 144 F.R.D. 292, 298 (D. Md. 1992).  Because the executive branch can assert the legislative privilege only with respect to its own communications, and not with respect to the Assembly's communications with it, the Assembly's interest in the preservation of the legislative privilege in this case cannot be adequately represented by existing parties.

  Even if this Court concludes that the Assembly may not intervene as a matter of right, this Court should grant permissive intervention because the Assembly's assertion of the legislative privilege—which it could otherwise assert through a motion to quash the subpoena served on it— "shares … a common question of law or fact" with the Governor's assertion of the privilege.  Fed. R. Civ. P. 24(b)(1)(B).

  The New York Senate, through counsel, filed a letter brief with the Court yesterday seeking to intervene on a similar basis. *See* Docket No. 46.  The Court set a deadline for plaintiffs' response on March 10, and agreed to address the topic at its March 14 hearing.  Because this application and the issues raised by the Senate's application are substantially overlapping, we request that the Assembly's motion be heard on the same schedule.

  For the reasons stated herein, we respectfully request that the application to move to intervene be granted.

        Very truly yours,

        /s/ E. Joshua Rosenkranz