CAHILL GORDON & REINDEL LLP
EIGHTY PINE STREET
NEW YORK, NY 10005-1702

| | | | | |
|---|---|---|---|---|
| L. HOWARD ADAMS | CHARLES A. GILMAN | TELEPHONE: (212) 701-3000 | GEOFFREY E. LIEBMANN | MICHAEL A. SHERMAN |
| ROBERT A. ALESSI | ARIEL GOLDMAN | WWW.CAHILL.COM | BRIAN T. MARKLEY | DARREN SILVER |
| HELENE R. BANKS | JASON M. HALL | | WILLIAM J. MILLER | JOSIAH M. SLOTNICK |
| ANIRUDH BANSAL | WILLIAM M. HARTNETT | 1990 K STREET, N.W. | NOAH B. NEWITZ | RICHARD A. STIEGLITZ JR. |
| DAVID L. BARASH | CRAIG M. HOROWITZ | WASHINGTON, DC 20006-1181 | MICHAEL J. OHLER | SUSANNA M. SUH |
| LANDIS C. BEST | DOUGLAS S. HOROWITZ | (202) 862-8900 | DAVID R. OWEN | ANTHONY K. TAMA |
| BRADLEY J. BONDI | TIMOTHY B. HOWELL | | JOHN PAPACHRISTOS | JONATHAN D. THIER |
| BROCKTON B. BOSSON | DAVID G. JANUSZEWSKI | CAHILL GORDON & REINDEL (UK) LLP | LUIS R. PENALVER | SEAN P. TONOLLI* |
| KEVIN J. BURKE | ELAI KATZ | 24 MONUMENT STREET | KIMBERLY PETILLO-DÉCOSSARD | JOHN A. TRIPODORO |
| JAMES J. CLARK | BRIAN S. KELLEHER | LONDON EC3R 8AJ | SHEILA C. RAMESH | GLENN J. WALDRIP, JR. |
| SEAN M. DAVIS | RICHARD KELLY | +44 (0)20 7920 9800 | MICHAEL W. REDDY | HERBERT S. WASHER |
| STUART G. DOWNING | CHÉRIE R. KISER* | | OLEG REZZY | MICHAEL B. WEISS |
| ADAM M. DWORKIN | JOEL KURTZBERG | | JAMES ROBINSON | S. PENNY WINDLE |
| ANASTASIA EFIMOVA | TED B. LACEY | WRITER'S DIRECT NUMBER | THORN ROSENTHAL | DAVID WISHENGRAD |
| JENNIFER B. EZRING | MARC R. LASHBROOK | | TAMMY L. ROY | COREY WRIGHT |
| JOAN MURTAGH FRANKEL | ALIZA R. LEVINE | 212-701-3621 | JONATHAN A. SCHAFFZIN | JOSHUA M. ZELIG |
| JONATHAN J. FRANKEL | JOEL H. LEVITIN | | JOHN SCHUSTER | DANIEL J. ZUBKOFF |
| PIERRE M. GENTIN | | | | |

*ADMITTED IN DC ONLY

June 27, 2017

Re: *Citizens Union of the City of New York, et al.* v. *The Attorney General of the State of New York, et al.* (16-cv-09592-RMB)

Dear Judge Parker:

We write on behalf of Governor Andrew Cuomo in response to the June 26, 2017 letter submitted by Plaintiffs Citizens Union of the City of New York and Citizens Union Foundation, Inc. of the City of New York (together, "Citizens Union") and in advance of the June 29th teleconference with the Court.

Following Judge Berman's dismissal of the Governor from the above-referenced action, Citizens Union served him with a Rule 45 subpoena calling for categories of documents identical to those called for in Plaintiffs' Amended First Set of Requests for Production of Documents. Citizens Union states that it views the issues before this Court to be unaltered. Jun. 26, 2017 Letter, Ex. A [Dkt.96-1]. Accordingly, in the interest of judicial economy, the Governor respectfully requests that his motion for a protective order be treated as a motion to quash the now-served, identical subpoena without the need for further briefing.

Contrary to Citizens Union's assertions, however, the Governor's dismissal from this action does bear on the issues presently before Your Honor, including the overall standard of review, an assessment of the relevance of the underlying requests, and, if necessary, an analysis of any qualified privilege under *Rodriguez* v. *Pataki*, 280 F. Supp. 2d 89, 100-01 (S.D.N.Y. 2003).

**Standard of Review**. Under Fed. R. Civ. P. Rule 45, "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. Rule 45 (d)(1). Indeed, one of the "important goals" of Rule 45 is the "[p]rotection of non-parties from inconvenience and burden." *Alexander Interactive, Inc*. v. *Adorama, Inc*., No. 12 CIV. 6608 (PKC)(JCF), 2013 WL

CAHILL GORDON & REINDEL LLP

- 2 -

2455924, at *1 (S.D.N.Y. June 4, 2013) (citing Advisory Committee Notes to 1991 Amendments).  Here, as we have previously demonstrated, Citizens Union paid little heed to the need to avoid unnecessarily burdening the Governor when he was a party and his new non-party status at this time makes clearer still that the scope of the discovery sought from the Governor is unacceptable.

**Relevance**.  "When balancing the relevance of a particular discovery request against the burden of production, 'special weight [should be given] to the burden on non-parties of producing documents to parties involved in litigation.'" *Arista Records LLC* v. *Lime Grp. LLC*, No. 06 CV 5936 KMW, 2011 WL 781198, at *2 (S.D.N.Y. Mar. 4, 2011)  (quoting *Copantitla* v. *Fiskardo Estiatorio, Inc*., No. 09 Civ. 1608, 2010 WL 1327921, at *10 (S.D.N.Y. Apr. 5, 2010) (alteration in original)); *see also Fears* v. *Wilhelmina Model Agency, Inc*., No. 02 Civ. 4911 (HB)(HBP), 2004 WL 719185, at *1 (S.D.N.Y. April 1, 2004) ("[T]he Court should be particularly sensitive to weighing the probative value of the information sought against the burden of production on [a] nonparty.")

***Rodriguez* Factors**.  The legislative privilege applies with equal force in the context of a non-party subpoena. *Sec. & Exch. Comm'n* v. *Comm. on Ways & Means of the U.S. House of Representatives*, 161 F. Supp. 3d 199, 235 (S.D.N.Y. 2015) ("Because a civil subpoena, has the potential to create a distraction and force Members to divert their time, energy, and attention from their legislative tasks to defend the litigation, the Speech or Debate Clause applies with equal force in this context.") (citation and internal punctuation omitted).

However, the fourth *Rodriguez* factor (the role of the government in the litigation) must be applied with even greater deference to a non-party.  As noted in the Governor's moving brief, courts have evaluated whether the government entity is a plaintiff or defendant in weighing this factor. *Carver* v. *Nassau Cty. Interim Fin. Auth*., 2012 WL 12266891, at *3 n.3 (E.D.N.Y. Aug. 9, 2012); *Dep't of Econ. Dev*. v. *Arthur Andersen & Co*. (U.S.A.), 139 F.R.D. 295, 299 (S.D.N.Y. 1991)).  By extension, a non-party should be given even greater protections under the privilege.  While the court in *Favors* v. *Cuomo,* 2015 WL 7075960, at *11 (E.D.N.Y. Feb. 8, 2013), cited by Citizens Union, did not appear to make a distinction as to the party status of the legislative entities from whom discovery was sought, in an earlier decision, the court noted "the legislature's direct role *in the litigation* supports overcoming the privilege," *Favors* v. *Cuomo*, 285 F.R.D. 187, 220 (E.D.N.Y. 2012) (emphasis added).  Moreover, *Favors* has limited relevance as it is a redistricting case and did not relate to discovery sought from the Governor. *See Pulte Home Corp*. v. *Montgomery Cty., Maryland*, No. GJH-14-3955, 2017 WL 2361167, at *8 (D. Md. May 31, 2017) (granting motion for a protective order on the basis of the legislative privilege in a civil rights action and noting that redistricting litigation cases "are of limited value here" because of their unique issues).

*       *       *       *       *       *

The Governor's office has expended significant time and resources defending this action and responding to Plaintiffs' unprecedented request to pore through the Governor's files and

CAHILL GORDON & REINDEL LLP

- 3 -

those of his counsel, resources that otherwise could have been devoted to the important work of the Chief Executive of the State of New York. That the Governor should so clearly never have been named in this suit at all, as Judge Berman has ruled, provides all the more reason to put an end to Plaintiffs' relentless quest for privileged documents. Despite its numerous submissions to this Court on these issues, Citizens Union has been unable to cite any case in this district or this Circuit putting the Governor of the State of New York to such a task.

    Wherefore, we respectfully request that the Court treat our previously filed motion for a protective order as a motion to quash the subpoena and quash the subpoena in its entirety.

                                          Respectfully submitted,

                                          /s Floyd Abrams

                                          Floyd Abrams
                                          Cahill Gordon & Reindel LLP
                                          *Attorneys for Governor Andrew Cuomo*

The Honorable Katharine H. Parker
United States Magistrate Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

<u>BY ECF</u>