

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

ERIC T. SCHNEIDERMAN
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL
LITIGATION BUREAU

February 23, 2018

**By ECF**

Hon. Richard M. Berman
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY  10007

    Re:    *Citizens Union, et al. v. The Governor of the State of New York in his official capacity, et al.*, SDNY No. 16 Civ. 9592 (RMB)

            *American Civil Liberties Union Foundation, Inc., et al. v. Seth H. Agata, in his official capacity as Executive Director of the Joint Commission on Public Ethics, et al.*, SDNY No. 16 Civ. 9854 (RMB)

            *Lawyers Alliance for New York, et al. v. Eric T. Schneiderman, in his official capacity as the Attorney General of the State of New York*, SDNY No. 17-cv-1655 (RMB) (KHP)

Dear Judge Berman:

        I represent defendant Eric T. Schneiderman, sued in his official capacity as the Attorney General of the State of New York (the "AG"), in the above-referenced consolidated actions.  I submit this letter brief on behalf of the AG in response to the Court's February 17, 2018 Order (16 Civ. 9592, Dkt No. 128) directing the parties to address the applicability of the Second Circuit's recent decision in *Citizens United v. Schneiderman*, slip op., No. 16-3310 (2d Cir. February 15, 2018) ("*Citizens United*") to these cases challenging New York Executive Law §§ 172-e and 172-f (the "Disclosure Provisions").

Hon. Richard M. Berman
*Citizens Union v. Governor of NY*, SDNY No. 16 Civ. 9592
*ACLU v. Agata*, SDNY No. 16 Civ. 9854
*Lawyers Alliance for NY v. Schneiderman*, SDNY No. 16 Civ. 1655
February 23, 2018
Page 2

In *Citizens United*, the Second Circuit affirmed the dismissal of an action challenging on First Amendment grounds, among others, a New York regulation requiring 501(c)(3) and 501(c)(4) organizations to disclose to the AG an Internal Revenue Service schedule containing their donor names. The recent *Citizens United* decision is applicable to these cases challenging on First Amendment grounds the Disclosure Provisions in a number of respects, as addressed briefly below and to be discussed in more depth (along with other important precedents addressing donor disclosure laws and regulations) in the context of the parties' full briefing on plaintiffs' preliminary injunction application.

**First**, at least some of the plaintiffs "assert that strict scrutiny is the appropriate standard" here rather than the less stringent "exacting scrutiny" standard. *See* Gibson Dunn Letter dated February 28, 2017 addressed to Magistrate Judge Parker (16-Civ-9592, Dkt No. 42) at pg. 2 n.1. The *Citizens United* holding makes clear that: (i) the AG's enforcement of the Disclosure Provisions will not constitute a prior restraint on speech (slip op. at 30-32); and (ii) the applicable standard on a First Amendment challenge to content-neutral disclosure requirements such as the Disclosure Provisions is "exacting scrutiny" (*id*. at 14) ("Content-neutral speech regulations receive exacting, or 'intermediate,' scrutiny. This includes neutral disclosure requirements." (citations omitted)). *Citizens United* further provides clear guidance on the requirements under the "exacting scrutiny" standard – it "requires a 'substantial relation between the disclosure requirement and a sufficiently important governmental interest' where 'the strength of the governmental interest' is commensurate with 'the seriousness of the actual burden

Hon. Richard M. Berman
*Citizens Union v. Governor of NY*, SDNY No. 16 Civ. 9592
*ACLU v. Agata*, SDNY No. 16 Civ. 9854
*Lawyers Alliance for NY v. Schneiderman*, SDNY No. 16 Civ. 1655
February 23, 2018
Page 3

on First Amendment rights.'" *Id*. at 15-16 (quoting *Doe v. Reed*, 561 U.S. 186, 196 (2010)).

**Second**, in applying the "exacting scrutiny" standard to plaintiffs' facial challenge in *Citizens United*, the Second Circuit held that the "small extent of speech chilling" at issue in that case—the submission to the AG's Charities Bureau of an IRS schedule containing a list of the names and addresses of the non-profit's largest donors—was "more than commensurate with" the "important government interests at stake: preventing fraud and self-dealing in charities." *Id.* at 20.  This holding is instructive because, though the scope of the statutory Disclosure Provisions is broader than the regulation at issue in *Citizens United*, these very same "important government interests" are at stake here.  *See* Cahill Gordon & Reindel Letter dated December 30, 2016 on behalf of Governor Cuomo (16 Civ. 9592, Dkt No. 27) ("Governor's Letter") at 2 (noting Disclosure Provisions were designed to close an existing "loophole in the law that has been exploited by several not-for profit groups" to avoid disclosure obligations).

**Third**, mindful of the Disclosure Provisions at issue in these cases,[1] the Second Circuit provided importance guidance to this Court in *dicta* discussing the analysis to be applied where, as here, a disclosure obligation "raise[s] the stakes" by requiring publication of donor names: "Publication of member or donor lists is not per se impermissible under the First Amendment, of

---

[1] As is evident from counsels' exchange with the court during oral argument, the panel was aware of the Disclosure Provisions and the pendency of these cases when it issued its opinion in *Citizens United*.  *See* Audio Recording at mark 17:29 and 39:17, http://www.ca2.uscourts.gov/decisions/isysquery/6f922908-a271-4f7b-9717-b9350dc2b144/71-80/list/ at Docket # 16-3310.

Hon. Richard M. Berman
*Citizens Union v. Governor of NY*, SDNY No. 16 Civ. 9592
*ACLU v. Agata*, SDNY No. 16 Civ. 9854
*Lawyers Alliance for NY v. Schneiderman*, SDNY No. 16 Civ. 1655
February 23, 2018
Page 4

course. *It may even be defensible on the grounds that it promotes the transparency necessary for full and open debate*." *Id*. at 21 (citing *Citizens United v. Federal Election Commission*, 558 U.S. 310, 367 (2010)) (emphasis added). As discussed in the Governor's prior submission to this Court, the Disclosure Provisions promote transparency as they are "designed to assure that the public has more information about the identity of those individuals and entities that fund speech relating to elections and other public policy issues." Governor's Letter at 2.

The AG looks forward to addressing in greater detail the applicability of the *Citizens United* decision, along with other relevant precedents (including the Supreme Court's summary affirmance in *Independence Institute v. Federal Election Commission*, No. 16-743, 2017 WL 737809 (Feb. 27, 2017)), when this matter is fully briefed on plaintiffs' preliminary injunction application.

                                                Respectfully submitted,

                                                /s/  Andrew Amer

                                                Andrew Amer
                                                Special Litigation Counsel
                                                (212) 416-6127

cc:  All Counsel of Record (by ECF)