UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                             :

CITIZENS UNION OF THE CITY OF NEW   :
YORK et al.,
                                                             :

              Plaintiffs,            :

        v.                          :   No. 16 Civ. 9592 (RMB) (KHP)

THE ATTORNEY GENERAL OF THE         :
STATE OF NEW YORK,
                                                             :

             Defendant.          :
------------------------------------------------------------x


**PLAINTIFFS CITIZENS UNION AND CITIZENS UNION FOUNDATION'S
MEMORANDUM OF LAW IN OPPOSITION TO GOVERNOR
<u>ANDREW M. CUOMO'S MOTION TO FILE A BRIEF *AMICUS CURIAE*</u>**


GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY  10166-0193

*Attorneys for Plaintiffs Citizens Union of the
City of New York and Citizens Union
Foundation, Inc. of the City of New York*

Governor Andrew M. Cuomo hired private counsel at public expense to get him out of this lawsuit and to evade party discovery, but now, through that same private counsel, he reappears seeking amicus status. This Court should not countenance such procedural gamesmanship. In seeking to be dismissed as a party defendant, the Governor professed no involvement in implementing the statutory scheme challenged here, insisting, as a result, that he was "an improper party in this case." Dkt.66 at 9:4-5. Having convinced the Court to dismiss him on that basis, the Governor then used that ruling to avoid having to produce any discovery in this action. Incredibly, though, the Governor, having obtained dismissal and evaded discovery as a non-party, suddenly wants back in as amicus curiae. But the Governor's interests are no different from the State's, which the Attorney General, in her official capacity, is already representing. Moreover, the Governor does not present any information or perspectives different from those already advanced by the Attorney General. When the Governor is not simply regurgitating what the Attorney General has already briefed, his proposed submission merely cites "publicly available" information that the Attorney General could have cited, had space permitted. But circumventing page limitations is certainly no basis for securing amicus status. Therefore, the Governor's motion to file an amicus brief should be denied.

I.      **The Governor's Interests Are Already Fully Represented In This Action**

When amicus briefs are "filed by allies of litigants and duplicate the arguments made in the litigants' briefs, in effect merely extending the length of the litigant's brief," such briefs "are an abuse" and "should not be allowed." *Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1063 (7th Cir. 1997). "The term 'amicus curiae' means friend of the court, not friend of a party." *Id.* An amicus brief should thus "normally be allowed when a party is not represented competently or is not represented at all." *Id.*; *see also C&A Carbone, Inc. v. Cty. of Rockland,*

*NY*, 2014 WL 1202699, at *3 (S.D.N.Y. Mar. 24, 2014) (in determining whether to permit leave to file an amicus brief, "courts often rely on principles set out by the Seventh Circuit").

Here, the Governor's brief is just the kind of "abuse" that Judge Posner warned against in *Ryan*. The Governor purports to "highlight the importance of the [challenged] [p]rovisions and the First Amendment interests they serve," Dkt. 156 at 2—the exact same arguments already advanced by the Attorney General, *see generally* Dkt. 153. Indeed, the Attorney General, named here in her official capacity, is representing not herself but the *State*. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (holding that a suit "against a state official in his or her official capacity" is "a suit against the official's office," and therefore "no different from a suit against the State itself"). As such, the Governor is essentially a de facto party to this action and his interests—inseparable from that of the State and the Attorney General—are more than "competently" represented. *Ryan*, 125 F.3d at 1063. He should not be allowed to file what amounts to a second brief on behalf of the State when the State's interests are already adequately represented. *See S.E.C. v. Bear, Stearns & Co. Inc.*, 2003 WL 22000340, at *6 (S.D.N.Y. Aug. 25, 2003) (denying individual investors' amicus status because "[t]he interests of the public are adequately represented by the SEC"); *United States v. Ahmed*, 788 F. Supp. 196, 198 n.1 (S.D.N.Y.), *aff'd*, 980 F.2d 161 (2d Cir. 1992) (denying leave to appear amicus curiae because "defendant's interests are adequately represented by his counsel").

Moreover, despite protestations earlier in this litigation that he is "an improper party in the case," and that "[h]e shouldn't be in the case" because he has "no authority" to enforce the law, Dkt. 66 at 9:4-6, the Governor now takes full ownership over the challenged provisions. *See* Dkt. 156 at 1; Dkt. 156-1 at 1-2. As such, he purports to "set forth his views" on the "importance" of the challenged provisions. Dkt. 156 at 2. But this kind of nakedly partisan

"viewpoint" supplement by purported amici has been squarely rejected as a basis for filing amicus briefs. *See, e.g.*, *Bear, Stearns*, 2003 WL 22000340, at *6 (holding that when movants were not "objective, neutral, dispassionate 'friend[s] of the court,'" and were instead seeking to advance their own "narrow vision" of the subject of the litigation, "[c]onferring *amicus* status on such partisan interests is inappropriate"); *Long Island Soundkeeper Fund, Inc. v. New York Athletic Club*, 1995 WL 358777, at *1 (S.D.N.Y. June 14, 1995) ("Denial of leave to appear as amicus in a situation such as this, in which the applicant appears to have its own particular interests in the outcome of the litigation, is far from unprecedented."); *Voices for Choices v. Illinois Bell Tel. Co.*, 339 F.3d 542, 544-46 (7th Cir. 2003) (denying amicus status to "leaders of [the] state legislature in an appeal concerning the validity of a statute of their state" because the "viewpoint of state officials" "does not appear any different from that of [the defendants]," who have "the same goal and has briefed the issue more than adequately").

## II. The Governor Does Not Present Any Unique Information Or Perspective Beyond What The Parties Are Able to Provide

An amicus brief may be allowed "when the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Ryan*, 125 F.3d at 1063; *see also, e.g.*, *United States v. Yaroshenko*, 86 F. Supp. 3d 289, 290-91 (S.D.N.Y. 2015) ("An amicus curiae proves true to its name as a 'friend of the court' when it offers a fresh perspective on an unsettled question of law that the actual parties to the litigation have not fully addressed."). The Governor's brief provides nothing of the sort.

The Attorney General's brief boils down (incorrectly) to an argument that the challenged provisions serve government interests recognized by Supreme Court decisions concerning campaign finance, and should thus be upheld. *See, e.g.*, Dkt. 153 at 1-3, 12-18. The Governor's amicus brief simply restates these arguments. *See, e.g.*, Dkt. 156-1 at 3-4, 9-13, 15. The

3

Attorney General also contends (also incorrectly) that the mere existence of a grievance procedure built into the challenged provisions immunizes the legislation from First Amendment challenge. *See, e.g.*, Dkt. 153 at 3, 25-26, 29-30. The Governor again makes the same argument. *See, e.g.*, Dkt. 156-1 at 13, 15. The Attorney General pinpointed the government's justification for the challenged provisions in the Governor's public statements and statements to the legislature. *See* Dkt. 153 at 5-6. The Governor points to the same sources of purported government interest. *See* Dkt. 156-1 at 1-2. When an amicus brief amounts to little more than a "Yes, indeed" "echo" of the party's brief, *Ryan*, 125 F.3d at 1064, it simply functions as an "end run around court-imposed limitations on the length of [the] parties' briefs," *Voices for Choices*, 339 F.3d at 544. The Governor's brief "adds nothing to the already amply proportioned brief of" the Attorney General, and should not be considered. *Ryan*, 125 F.3d at 1064; *see also Voices for Choices*, 339 F.3d at 546 (denying amicus status where movants perspective "does not appear any different from that of [the defendants]").

To the extent that the Governor's brief purports to provide "additional publicly available information" regarding "dark money," such information—basically an assortment of news articles—can hardly be said to be "unique" to the Governor. *Ryan*, 125 F.3d at 1063; *see also*, *Onondaga Indian Nation v. State*, 1997 WL 369389, at *2 (N.D.N.Y. June 25, 1997) (the purpose of amicus submissions is to offer "insights not available from the parties"). This is information that the Attorney General, running a Google search, could just have easily submitted to the Court were it not for the page limits that the Governor's brief is attempting to circumvent.[1]

---

[1] Indeed, there is no suggestion that the Governor or legislature actually considered the presented material in passing the challenged provisions. Such materials appear nowhere in the legislative record, and the Governor's counsel expressly represented in the course of the parties' discovery dispute that "when you start . . . going into . . . tell us about dark money in

4

## CONCLUSION

For the foregoing reasons, the Governor's motion to file an amicus brief should be denied.

Dated: New York, New York
July 9, 2018

GIBSON, DUNN & CRUTCHER LLP

By: /s/ Randy M. Mastro
Randy M. Mastro
Akiva Shapiro
Timothy Sun

200 Park Avenue
New York, NY  10166
(212) 351-4000
mastro@gibsondunn.com

*Attorneys for Plaintiffs Citizens Union of the City of New York and Citizens Union Foundation, Inc. of the City of New York*

---

America . . . not only don't we have it, we shouldn't be asked for it." Dkt. 50 at 22:10-13.  To the extent that this material is considered at all, it should thus be recognized for what it is—ineffectual post hoc rationalizations for unconstitutionally overbroad legislation.  *See, e.g.*, *Windsor v. United States*, 699 F.3d 169, 185 (2d Cir. 2012), *aff'd*, 570 U.S. 744 (2013) (when applying exacting scrutiny, the state's "justification must be genuine, not hypothesized or invented *post hoc* in response to litigation"); *cf. Watchtower Bible and Tract Society of New York, Inc. v. Village of Stratton*, 536 U.S. 150, 170 (2002) (Breyer, J., concurring) ("In the intermediate scrutiny context, the Court ordinarily does not supply reasons the legislative body has not given. . . . [That] mean[s] that we expect a government to give its real reasons for passing an ordinance.").